IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CINDY ANN FRANK,<br><br>    Plaintiff,<br><br> vs.<br><br>GREGORY CHAPMAN, MONTANA BACK AND REHABILITATION INSTITUTE, and PRO ADJUSTER CHIROPRACTIC CLINIC,<br><br>    Defendants. | CV 13-43-M-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION |

  Plaintiff Cindy Frank paid the $350 filing fee for this action, and filed her Complaint. Frank is proceeding pro se and, therefore, the Court must construe her pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

  Frank commenced this action claiming she suffered personal injuries due to Defendants' medical negligence. On February 10, 2010, Frank had a chiropractic visit with Defendant Greg Chapman at Montana Back and Rehabilitation Institute, aka Pro Adjuster Chiropractic Clinic. She alleges that during the visit Chapman put his fist in her back with such force that his actions ruptured vertebral disks in her back, and stretched a ligament that caused her permanent injury. Frank

1

requests compensatory damages for her injuries. For the reasons discussed, however, the Court does not have jurisdiction over Frank's claims.

In federal court, a plaintiff's pleading must set forth sufficient allegations to invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).[1]

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Absent jurisdiction, a case is subject to dismissal. Fed. R. Civ. P. 12(h)(3).

Furthermore, the federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And a district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

A federal court's jurisdiction is generally limited to cases involving diversity of citizenship (28 U.S.C. § 1332), a federal question (28 U.S.C. § 1331),

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

or cases in which the United States is a party (28 U.S.C. §§ 1345 and 1346). Sections 1345 and 1346 are not applicable in this case because the United States is not a party to this action.

Federal question jurisdiction requires that a plaintiff's civil action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As pled, Frank's Complaint fails to set forth any basis for federal question jurisdiction under 28 U.S.C. § 1331. Frank's complaint does not expressly plead any cause of action arising under any specific provision of the United States Constitution, or the laws or treaties of the United States. And the Court finds that her medical negligence claims do not invoke any provision of federal law that would provide a jurisdictional basis.

Alternatively, the district courts have jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000[,]" and the civil action is between citizens of different States. 28 U.S.C. § 1332(a); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Diversity jurisdiction requires complete diversity of citizenship between the plaintiffs and each defendant. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)). The plaintiff must be a citizen of a different state than each

of the defendants, and those facts must be affirmatively pled in the complaint. *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001).

Here, Frank states she is a citizen of Montana. And she states Chapman and his chiropractic business entities are each citizens of Montana. Therefore, Frank's allegations affirmatively establish there is no diversity of citizenship between her and each of the Defendants.

Based on the foregoing, Frank has failed to plead any factual basis for, or legal claims on which, this Court's jurisdiction can be founded. Furthermore, under the circumstances of the factual allegations pled — a case involving medical negligence — the Court finds Frank could not cure the jurisdictional defects in her Complaint by pleading additional facts or claims. Therefore, IT IS HEREBY RECOMMENDED that this action be DISMISSED for lack of jurisdiction.

Frank is advised that pursuant to 28 U.S.C. § 636(b)(1), within fourteen days after being served with a copy of these Findings and Recommendation she may file written objections to this recommendation of dismissal.

DATED this 14th day of March, 2013.

_____
Jeremiah C. Lynch
United States Magistrate Judge